**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEIDY MONTALVO VASQUEZ, on behalf of
JOHNNY SEVASTIAN BARRE LUCAS,

　　　　　　*Petitioner*,

v.　　　　　　　　　　　　　　　　　　Case No. 3:26-cv-1193-WWB-SJH

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

　　　　　　*Respondents*.
_____

**ORDER**

THIS CAUSE comes before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Leidy Montalvo Vasquez, on behalf of Johnny Sevastian Barre Lucas, who is being detained by Immigration and Customs Enforcement ("**ICE**") at the North Florida Detention Facility.  (Doc. 1).  According to Vasquez, ICE's prolonged detention of Lucas is, *inter alia*, violating his due process rights and hindering his receipt of adequate medical care.  (*Id.* at 6–7).  As relief, Vasquez requests that the Court order Lucas's immediate release.  (*Id.* at 7).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself.  *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  However, "'[n]ext friend' standing is by no means granted

automatically . . . ." *Id.* at 163.   The would-be next friend must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts.   *Id.*

Vasquez does not demonstrate that "next friend" status is appropriate.   There is no indication Lucas is mentally incompetent or has been denied access to the courts. Rather, it appears Vasquez seeks the status because Lucas's "legal representation" is ineffective, and Lucas has been unable to meaningfully defend himself while detained. (Doc. 1 at 7).   She also contends that a few days before he was detained, Lucas underwent eye surgery, and he requires a follow-up appointment.   (*Id.* at 9).   Because Vasquez does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Lucas's behalf.   *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.")[1]; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  This case is **DISMISSED without prejudice**.

2.  The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

---

[1] Any unpublished opinions are cited as persuasive authority.  *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

2

**DONE AND ORDERED** in Jacksonville, Florida, on 12, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

c:

Leidy Montalvo Vazquez
6823 Yucatan Dr.
Orlando, FL 32807

Johnny Sevastian Barre Lucas, A249066873

3